IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE LIGGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1081-D |
| | ) | |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Lawrence Liggett (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision that he was not "disabled" under the terms of the Social Security Act.[1]  *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A).  United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate

---

[1] The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

Judge for proceedings consistent with 28 U.S.C. §§ 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). Doc. 3.

After a careful review of the Administrative Record (AR), the parties' briefs, and the relevant authority, the undersigned recommends the entry of judgment reversing the Commissioner's final decision and remanding the matter for further proceedings. *See* 42 U.S.C. § 405(g).

I. **The Commissioner's final decision.**[2]

The ALJ applied the prescribed sequential analysis to determine if Plaintiff was disabled within the meaning of the Social Security Act and found that he:

(1) was severely impaired, first, by a history of diverticulitis, second, by fibromyalgia, third, by sleep apnea, and fourth, by obesity;

(2) had the residual functional capacity[3] (RFC) to occasionally lift and/or carry 50 pounds, to frequently lift and/or carry 25 pounds, to stand and/or walk at least 6 hours out of an 8-hour workday, and to sit at least 6 hours in an 8-hour workday;

(3) was able to perform both his past relevant work and, alternatively, jobs existing in the national economy, and so

---

[2] The Commissioner based her final decision on Plaintiff's October 2011 application for a period of disability and disability insurance benefits. *See* AR 179.

[3] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

(4) was not disabled.

AR 17-27; *see* 20 C.F.R. § 404.1520(a)(4); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the sequential process).

The Social Security Administration's Appeals Council found no reason to review that decision, meaning the ALJ's decision is the Commissioner's final decision in this case. AR 1-7.

## II. Analysis of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

B. **Claimed error.**

Plaintiff raises three grounds of error. Doc. 17. First, he challenges the ALJ's assessment of his RFC, claiming the RFC does not account for limitations from his severe impairments. *Id.* at 2-4. Second, he contends the ALJ committed legal error by failing to articulate the weight given to a treating physician's opinion. *Id.* at 5-7. And, third, Plaintiff maintains the ALJ did not properly analyze his pain. *Id.* at 7-10.

C. **The ALJ failed to apply the correct legal standards in considering the opinions of Plaintiff's treating physician.**

"[Tenth Circuit] case law, the applicable regulations, and the Commissioner's pertinent Social Security Ruling (SSR) all make clear that in evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). At the first step, the ALJ must determine if the opinion "is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Id.* "If the opinion is deficient in either of these respects, it is not to be given controlling weight." If the ALJ finds the opinion is not entitled to controlling weight, he must proceed to the second step of the inquiry and "make clear how much weight the opinion is being given (including whether it is being

rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned." *Id.*

Here, the ALJ correctly summarized these same legal standards in his hearing decision; he also listed the factors he was required to apply at the second step:

> As for the opinion evidence, 20 CFR 404.1527 provides: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight we will apply the [following] factors . . . (i) length of the treatment relationship and the frequency of the examination. . . . (ii) Nature and extent of the treatment relationship. . . . (3) Supportability. . . . (4) Consistency. . . . (5) Specialization . . . (6) Other Factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion.

AR 177. The ALJ then addressed a Medical Source Statement of Ability to Do Work-Related Activities (physical) completed by Cristopher Schultz, D.O.:[4]

> The undersigned has considered the physical residual functional capacity opinion from Dr. Schultz, dated February 3, 2014 that shows the claimant's impairments eliminate all work (Exhibit 14F) . . . . Dr. Schultz appears to have relied upon the claimant's self-report. There are no objective signs of conditions that reasonably limit this claimant so severely. Dr. Schultz reports

---

[4] The ALJ had previously detailed each of Dr. Schultz's findings. AR 175.

> the claimant has more pain and stiffness when sitting or standing, and he moves approximately every 30 minutes for sitting or standing. This is obviously based upon the claimant's report. By contrast, when reviewing the office examinations, very little is shown wrong (Exhibit 16F, pages 4 and 5). For these reasons, the undersigned does not give controlling weight to Dr. Schultz.

*Id.*

As Plaintiff maintains, Doc. 17, at 5-7, "the ALJ's assessment of Dr. [Schultz's] opinion is patently inadequate for the distinct reason that it ends halfway through the required two-step analysis . . . ." *Krauser*, 638 F.3d at 1331. The ALJ declined to give the opinion controlling weight "and then *said no more about it.*" *Id.*

In response to Plaintiff's claim of legal error, the Commissioner did not attempt to distinguish *Krauser*. Doc. 21, at 7-11. Instead, she noted (and highlighted) the applicable legal standards and argued that the ALJ did, in fact, reach the second step of the required analysis:

> [A] finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected, and that it is still entitled to deference **and must be weighed using the factors** provided in 20 C.F.R. § 404.1527 . . . . Thus, even if an opinion is entitled to deference, it is entitled to be weighed using the factors applied to all treating sources opinions, which is exactly what the ALJ did in this case, as explained below.

*Id.* at 8. But the Commissioner's "expla[nation]," *id.*, consists of nothing more than prohibited, "post-hoc efforts of the Commissioner . . . to work through

the omitted second step for the ALJ . . . ." *Krauser*, 638 F.3d at 1330. *See* Doc. 21, at 8-11.[5]

III. **Recommendation and notice of right to object.**

The undersigned recommends the entry of judgment reversing the Commissioner's final decision and remanding the matter for further proceedings.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court by June 16, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 27th day of May, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[5] Curiously, although the issue is whether the ALJ committed legal error by not reaching the second step of the analysis, the Commissioner cites case law pertaining to error at the first – the controlling weight – step. Doc. 21, at 9.