IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE LIGGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-1081-D |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B). In this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g), Judge Mitchell recommends reversal of the Commissioner's decision denying Plaintiff's application for disability insurance benefits, and remand of the matter for further administrative proceedings. The Commissioner has filed a timely objection. The Court must make a *de novo* determination of issues specifically raised by the objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

An administrative law judge (ALJ) found Plaintiff had multiple severe impairments on the date he was last insured, but he had the residual functional capacity to perform past relevant work, and thus he was not disabled within the meaning of the Social Security Act. In appealing this decision, Plaintiff has raised three claims of error. Judge Mitchell finds that one has merit and, without reaching the other grounds for reversal, recommends the case be remanded for further proceedings to correct a legal error in the ALJ's analysis. Specifically,

Judge Mitchell finds that the ALJ failed to apply the correct legal standard in evaluating the medical opinions of Plaintiff's treating physician, Dr. Christopher Schultz, D.O. Pursuant to *Krauster v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011), a sequential two-step inquiry is required, but according to Judge Mitchell, the ALJ in this case stopped after the first step and did not complete the analysis. Judge Mitchell notes the Commissioner in her brief "did not attempt to distinguish *Krauser*" but, instead, provided an explanation that "consists of nothing more than prohibited, 'post-hoc efforts of the Commissioner . . . to work through the omitted second step for the ALJ . . . .'" *See* R&R [Doc. No. 23], pp.6-7 (quoting *Krauser*, 638 F.3d at 1330).

In the Objection, the Commissioner highlights the medical evidence from Dr. Schultz discussed by the ALJ, and argues that the ALJ properly determined Dr. Schultz's opinion of Plaintiff's functional capacity should not be given controlling weight because it "was inconsistent with such favorable functional findings of record." *See* Obj'n to R&R [Doc. No. 24], p.2. The Commissioner disagrees with Judge Mitchell's finding that the ALJ in this case simply declined to give Dr. Schultz's opinion controlling weight and "then said no more about it," and so attempts to distinguish *Krauser*, 638 F.3d at 1331.[1] Upon examination of the Commissioner's original brief [Doc. No. 21], the Court finds this is a new argument raised for the first time in objection to Judge Mitchell's Report, and declines to consider it.

---

[1] The Commissioner also addresses another point of error raised by Plaintiff and not discussed by Judge Mitchell (assessment of Plaintiff's subjective complaints of pain), and argues that the record contains substantial evidence supporting the Commissioner's decision. *See id*. pp.4-5. These arguments do not address Judge Mitchell's finding of reversible legal error by the ALJ and are disregarded.

2

*See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1184-85 (10th Cir. 2011); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).[2] Further, the Commissioner still fails to identify any statement by the ALJ explaining what weight was given to Dr. Schultz's opinion and why, as required at the second step. *See Krauser*, 638 F.3d at 1330-31.

Upon *de novo* consideration of the single issue addressed in the Report, the Court fully concurs in Judge Mitchell's finding that the ALJ failed to complete the two-step sequential analysis, as required by *Krauser*, *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), and administrative rules. The Court further concurs in Judge Mitchell's finding that a remand for the ALJ to compete the analysis in the first instance is required.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 23] is ADOPTED in its entirety. The Commissioner's decision is REVERSED and this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

IT IS SO ORDERED this 30th day of June, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The Commissioner recognized the requirement that the ALJ must explain what weight is given to a medical source opinion that is not entitled to controlling weight. *See* Resp. Br. [Doc. No. 21], p.8 (citing *Watkins v. Barhnart*, 350 F.3d 1297, 1300 (10th Cir. 2003)). But the Commissioner failed in her brief to point to any part of the ALJ's decision that satisfies the second step.