IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LAWRENCE LIGGETT,                    )
                                     )
                Plaintiff,           )
                                     )
v.                                   )        Case No. CIV-15-1081-D
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social Security,     )
                                     )
                Defendant.           )

## ORDER AWARDING ATTORNEY'S FEES

Before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to

Justice Act [Doc. No. 27]. Plaintiff seeks an award of fees in the amount of $7,559.50

pursuant to 28 U.S.C. § 2412, for 30.9 hours of work on the case by attorneys and

15.35 hours of work by paralegals. Plaintiff is the prevailing party in this action under the

Social Security Act, 42 U.S.C. § 405(g), by virtue of the Judgment entered June 30, 2016,

reversing the Commissioner's decision and remanding the matter for further proceedings.

Defendant opposes Plaintiff's Motion on multiple grounds, but primarily for the

asserted reason that Plaintiff is not eligible for a fee award under the Equal Access to Justice

Act ("EAJA") because the Commissioner's position was substantially justified.[1] "Under the

EAJA, the government bears the burden of showing that its position was substantially

justified." *Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501 (10th Cir. 1991); *see Hackett*

---

[1] Another ground – that the Motion was prematurely filed – is moot; the time to appeal has expired
and no appeal was taken. The third ground – that the award should be made payable to Plaintiff – is not in
dispute. Defendant does not challenge the reasonableness of the amount requested by Plaintiff.

*v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) ("Commissioner had the burden of proof to show that her position was substantially justified"). To carry its burden, "the government must prove that its case had a reasonable basis in law and in fact. The term 'substantially justified' has been defined as 'justified . . . to a degree that could satisfy a reasonable person.'" *Estate of Smith*, 930 F.2d at 1501 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (citation omitted); *see Hackett*, 475 F.3d at 1172. Courts "consider the reasonableness of the position the [Commissioner] took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits." *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992); *see Hackett*, 475 F.3d at 1172.

Upon consideration of the law, the case record, and the arguments of the parties, the Court finds: (1) the Commissioner's position in the case was not substantially justified; (2) Plaintiff is entitled to an award of attorney's fees under EAJA, 28 U.S.C. § 2412(d); and (3) the requested amount is reasonable. In making these findings, the Court has carefully considered Defendant's arguments in support of her position that "the ALJ's decision was substantially justified." *See* Def.'s Resp. Br. [Doc. No. 29], p.10. Defendant concedes her contentions are "reiterations of her previous positions." *Id*. p.9. For the reasons set forth in the Order of June 30, 2016, the Court respectfully rejects Defendant's view of the ALJ's decision and her litigation position, and finds that Defendant has failed to carry her burden to show that her position was reasonable in law and in fact. The Court also finds, as a matter within its discretion, that Plaintiff should not be awarded an additional fee for time spent by

his attorney in litigating the EAJA fee issue, which request is made only in a conclusory manner in Plaintiff's reply brief. *See* Pl.'s Reply Br. [Doc. No. 30], p.3.[2]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees is GRANTED. The Court orders an award of attorney fees to Plaintiff pursuant to the Equal Access to Justice Act in the amount of $7,559.50. Should an additional fee award under 42 U.S.C. § 406(b) subsequently be authorized, Plaintiff's attorney shall refund the smaller amount to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 21st day of October, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] "EAJA fees may be awarded for litigation over EAJA fees and the initial 'finding that the Government's position lacks substantial justification, like the determination that a claimant is a "prevailing party," operates as a one-time threshold for fee eligibility.' The district court has discretion to determine the amount of such a fee, or whether to award one at all." *Sanders v. Astrue*, 287 F. App'x 721, 723 (10th Cir. 2008) (citation omitted; quoting *Comm'r v. Jean*, 496 U.S. 154, 160 (1990)).

3